NOT DESIGNATED FOR PUBLICATION

Nos. 119,691
119,692
119,693

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANDON MARK WILLIAMS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; SCOTT E. MCPHERSON, judge. Opinion filed March 1, 2019. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Douglas A. Matthews*, assistant county attorney, *Amy J. Mellor*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON, J., and BURGESS, S.J.

PER CURIAM: Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006).

Brandon Mark Williams was sentenced in three separate cases and granted probation in each case. In four hearings in less than two years, Williams stipulated to violating the terms of his probation. Ultimately, the district court revoked Williams'

1

probation and ordered him to serve his underlying sentence. Williams appeals, arguing the district court abused its discretion. Because we find that the district court's decision was not arbitrary, fanciful, or unreasonable, nor was it based on an error of law or fact, we affirm the district court's order requiring Williams to serve his underlying sentence.

FACTUAL AND PROCEDURAL HISTORY

In June 2016, Williams pled no contest to felony theft, possession of methamphetamine, and criminal threat in three different cases. The sentences in all three were to be served consecutively with a total underlying term of 60 months. He was then given a dispositional departure to probation with a concurrent term of 12 months' probation on all three cases.

Three months later, Williams stipulated to violating his probation for failing to report. The district court ordered a three-day quick dip sanction. In April 2017, Williams again stipulated to violating his probation for failing to report. The district court ordered a 120-day imprisonment sanction. The court also extended Williams' probation term by 12 months.

Just four months later, Williams stipulated to violating his probation for obtaining another conviction and using methamphetamine while on probation. The hearing was continued so that Williams could obtain a drug evaluation. In September 2017, the court ordered that Williams be incarcerated in the county jail pending transportation to an inpatient drug treatment facility. But after being released from successful completion of inpatient drug treatment, Williams failed to follow up with outpatient treatment as required.

In May 2018, Williams stipulated to violating his probation for failing to attend outpatient treatment, failing to report, and not informing his probation officer of his

2

whereabouts for a three-month period. The district court revoked Williams' probation and ordered him to serve his original sentence.

Williams timely appealed the revocation of his probation and the court's denial of his motion to correct an illegal sentence related to the court's determination of his criminal history score. However, in his appellate brief Williams does not address the issue of an illegal sentence. Because issues not adequately briefed are deemed waived or abandoned, we will only consider Williams' appeal related to the revocation of his probation. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018).

ANALYSIS

*Standard of Review*

Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *Gumfory*, 281 Kan. at 1170. An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Williams acknowledges that the district court could revoke his probation and require him to serve his underlying sentence. See K.S.A. 2017 Supp. 22-3716(c)(1)(E). But he argues the district court abused its discretion because no reasonable person would have ordered him to serve his underlying sentence because he had made progress in controlling his addiction.

3

But the evidence here shows that Williams was not amenable to continued probation. Within two years, Williams admitted to failing to report to his probation officer more than five times. Williams was also convicted of another crime and admitted to using methamphetamine while he was on probation. Additionally, Williams failed to report for outpatient treatment.

Here the district court revoked Williams' probation after finding he had been previously sanctioned and had a history of failure to report. The district court's findings are supported by the record. The district court's decision to revoke Williams' probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Accordingly, district court did not abuse its discretion in revoking Williams' probation and ordering him to serve his underlying prison sentence.

Affirmed.

4